# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| **STANLEY WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 11-2035-STA** |
| | ) | |
| **GOODYEAR TIRE & RUBBER CO.** | ) | |
| **and WINGFOOT COMMERCIAL** | ) | |
| **TIRE SYSTEMS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANTS' RULE 56(D) REQUEST

Before the Court is Plaintiff Stanley Williams's Motion for Partial Summary Judgment (D.E. # 31) filed on January 4, 2012.  Defendants Goodyear Tire & Rubber Co. and Wingfoot Commercial Tire Systmes, Inc. have filed a response in opposition to Plaintiff's Motion and a request for discovery under Rule 56(d) of the Federal Rules of Civil Procedure.  Plaintiff has filed a reply brief. For the reasons set forth below, Plaintiff's Motion is **DENIED**, and Defendant's Rule 56(d) request is **GRANTED**.

### BACKGROUND

This is a premises liability action, arising from Plaintiff's slip and fall while he was delivering mail to Defendants at their business premises on January 4, 2010 .  Plaintiff has filed the instant Motion seeking summary judgment on three issues: (1) whether Plaintiff's slip and fall was the cause of his sacral fracture, disc protrusion, and coccydynia; (2) whether Plaintiff's medical

expenses incurred as a result of the slip and fall were reasonable and necessary; and (3) whether Plaintiff's injuries are inoperable and more likely than not will cause Plaintiff to suffer from pain and discomfort for the rest of his life.  Plaintiff's Motion is supported by his own deposition testimony as well as the affidavit of his treating physician Dr. Mohammed Assaf.  In particular, Plaintiff argues that "the sworn testimony of Dr. Mohammed Assaf establishes there is no genuine issue of material fact" as to the three issues presented.  Therefore, Plaintiff asserts that the Court should grant him judgment as a matter of law on the issues of causation, the reasonableness and necessity of the medical expenses, and future pain.

In their response to Plaintiff's Motion for Partial Summary Judgment, Defendants have sought leave to conduct the deposition of Dr. Assaf pursuant to Rule 56(d).  According to Defendants, on December 6, 2011, Plaintiff noticed the deposition of Dr. Assaf for December 15, 2011, only to subsequently cancel the deposition on December 14.  Defendants assert that they had intended to examine Dr. Assaf at trial and so did not re-schedule the deposition before the expiration of the discovery deadline in this case.  Defendants ask the Court to defer consideration of the Motion for Partial Summary Judgment until Defendants can depose Dr. Assaf.  Defendants argue in the alternative that the Court should deny Plaintiff's Motion on the merits.  Defendants contend that the two-page affidavit of Dr. Assaf is insufficient to establish the issues raised as a matter of law.  Dr. Assaf will still need to be called as a trial witness, and a ruling on the Motion will only complicate Dr. Assaf's trial testimony.  Therefore, Defendants seek an opportunity to depose Dr. Assaf before they respond to Plaintiff's Motion, or in the alternative, the denial of the Motion on the merits.

In his reply brief, Plaintiff argues that Defendants have not shown why they should be granted additional time for discovery.  Plaintiff identified Dr. Assaf as his treating physician in his

initial disclosures on April 4, 2011, as well as in his Rule 26 expert disclosures on September 28, 2011.  According to Plaintiff, Defendants have had copies of Plaintiff's medical records since March 15, 2011.  With respect to the deposition, Plaintiff asserts that counsel proposed to counsel for Defendants that the video of Dr. Assaf's December 15, 2011 deposition be introduced at trial.  After counsel for Plaintiff made three attempts to obtain Defendants' position on the matter, counsel for Defendants finally notified counsel for Plaintiff at 4:30 p.m. on December 14, the afternoon before the deposition, that Defendants did not consent to use the video of the deposition at trial.  Rather than call Dr. Assaf twice, for the deposition and as a trial witness, Plaintiff elected to cancel the deposition.  Plaintiff argues that until Defendants filed their request to depose Dr. Assaf pursuant to Rule 56(d), Defendants had never identified Dr. Assaf as a trial witness or stated their intention to call him at trial.  Plaintiff asks the Court to deny Defendants' request to depose Dr. Assaf  and grant the Motion for Partial Summary Judgment on its merits.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that a party is entitled to summary judgment if the moving part "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[1]  In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.[2]  When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for

---

[1] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[2] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

3

trial."[3]  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[4]  These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[5]  When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law."[6]

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[7]  In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [her] asserted causes of action."[8]  Finally, the "judge may not make credibility determinations or weigh the evidence."[9]

## ANALYSIS

A non-moving party must receive "a full opportunity to conduct discovery" in order to

---

[3] *Celotex*, 477 U.S. at 324.

[4] *Matsushita*, 475 U.S. at 586.

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[6] *Id*. at 251-52.

[7] *Celotex*, 477 U.S. at 322.

[8] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[9] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

4

respond to a motion for summary judgment.[10]  To that end Rule 56(d) provides that the court may

"allow time to obtain affidavits or declarations or to take discovery."[11]  In order to invoke Rule 56(d),

however, the party opposing the motion for summary judgment must show "by affidavit or

declaration that, for specified reasons, it cannot present facts essential to justify its opposition."[12]

The Sixth Circuit has ruled that the filing of an affidavit and/or motion pursuant to Rule 56 is a

necessary prerequisite to granting extensions of time for the purpose of obtaining additional

discovery to respond to a motion for summary judgment.[13]  Rule 56 also requires that "a party

making such a filing indicate to the district court its need for discovery, what material facts it hopes

to uncover, and why it has not previously discovered the information."[14]  The Sixth Circuit has held

---

[10] *Ball v. Union Carbide Corp.*,385 F.3d 713, 719–20 (6th Cir. 2004).  *See also Anderson*, 477 U.S. at 257; *Celotex*, 477 U.S. at 322 ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."); *White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 229, 231–32 (6th Cir. 1994) ("[I]n light of *Anderson* and *Celotex,*] a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery.").

[11] Fed. R. Civ. P. 56(d)(2).

[12] Fed. R. Civ. P. 56(d).

[13] *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196 (6th Cir. 1995).  The Court notes that amendments to Rule 56 took effect on December 1, 2010.  Much of the case law on motions for additional discovery under Rule 56 discuss the former subdivision (f).  The comments to the 2010 amendments indicate that "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."  Other than recasting subdivision (f) as subdivision (d) and some other stylistic changes, the Court finds that the new subdivision (d) does not significantly differ from the  version of the rule.  Therefore, the Court holds that the case law construing the former Rule 56(f) continues to control the application of the new Rule 56(d).

[14] *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000).  *See also CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008).

that it is not an abuse of discretion for the district court to deny the Rule 56 request for discovery when the party "makes only general and conclusory statements [in its affidavit] regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [claim] to be discovered."[15]

The Court holds that Defendants have met their burden to show that additional discovery is necessary to respond to Plaintiff's Motion for Partial Summary Judgment on issues related to Plaintiff's injuries and medical treatment. As a threshold matter, Defendants have complied with the technical requirements of Rule 56(d) by filing an affidavit and a motion setting forth the specific facts Defendants need to respond. Plaintiff's Motion for Partial Summary Judgment is based entirely on the eight-paragraph, two-page affidavit of Dr. Assaf, whose deposition did not occur before the expiration of the expert deposition deadline. Defendants have shown that they cannot present facts to justify their opposition to Plaintiff's Motion until they have deposed Dr. Assaf. In the Rule 56(d) affidavit, counsel for Defendants indicates that discovery is needed to test Dr. Assaf's claims, for example, that Plaintiff's medical expenses were reasonable and necessary and that Plaintiff's injuries were caused by his slip and fall. The Court notes that the affidavit of Dr. Assaf does not include a copy of the medical billing or expenses. As such, the Court finds that Defendants' request for additional discovery is targeted and narrow. Therefore, Defendants have satisfied the requirement that they demonstrate their need for further discovery with particularity and by affidavit or motion.

Having held that Defendants have met the requirements to invoke Rule 56(d), the Court now

---

[15] *Ironside v. Simi Valley Hosp.,* 188 F.3d 350, 354 (6th Cir. 1999). *See also Emmons v. McLaughlin,* 874 F.2d 351, 357 (6th Cir. 1989) (holding that it is not an abuse of discretion to reject a Rule 56(f) affidavit as insufficient to support further discovery when the affidavit lacks "any details" or "specificity").

must determine whether their request should be granted based the following factors: (1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the non-moving party was responsive to discovery requests.[16]   The Court holds that some of the factors are not relevant and that on balance the rest of the factors weigh in favor of granting Defendants' request. First, it is true that Defendant learned that Dr. Assaf was Plaintiff's treating physician early in this case and that the discovery period ran its full course with all of the relevant deadlines expiring. Other than the deposition of Dr. Assaf, discovery appears to be complete.  Furthermore, there is no indication that Plaintiff was anything other than responsive to Defendant's discovery requests. While these three factors would normally weigh against granting additional discovery, the Court finds that they are not as relevant under the circumstances in this case and therefore not entitled to much weight.

Second, the Court finds that Defendants were not dilatory in their effort to depose Dr. Assaf. Rather, it is undisputed that Dr. Assaf's deposition was scheduled but did not occur largely because of a disagreement between the parties.  Plaintiff was the party to notice the deposition of Dr. Assaf, as Dr. Assaf is Plaintiff's treating physician.  The deposition was set to proceed on December 15, 2011, until the parties were unable to agree on whether the video-recording of the testimony could be used as an evidentiary deposition as well as a trial deposition.  Plaintiff wanted to present the video as evidence at trial; Defendants preferred to call Dr. Assaf to testify live.  Once the parties failed to reach an accord, Plaintiff cancelled the deposition on the day before the deposition was to

---

[16] *Plott*, 71 F.3d at 1196– 97.

occur, December 14, 2011.  The deadline for expert depositions then expired on December 28, 2011, and Plaintiff filed his Motion for Partial Summary Judgment on January 4, 2012.  It appears to the Court that but for the dispute about using the video-recording of the testimony at trial, the deposition would have taken place on December 15.  Under these facts, should the Court deny Defendants the chance to depose Dr. Assaf now and grant Plaintiff's dispositive motion, the Court would effectively penalize Defendants for not agreeing to use the video of the deposition at trial.  Such a default is not only prejudicial but needlessly punitive.  The Court finds that under these circumstances, it cannot be said that Defendants were dilatory in their effort to question Dr. Assaf. Third, the deposition of Dr. Assaf could change the Court's ruling on the issues raised in the Dr. Assaf's affidavit.  In order to establish his claim for negligence, Plaintiff ultimately bears the burden to prove the elements of causation and damages.[17]   Based on his Motion for Partial Summary Judgment, Plaintiff seeks to use the affidavit of Dr. Assaf to establish a causal connection between his fall and his injuries as well as his damages resulting from the injuries.  Even though Defendants have raised arguments about the merits of Plaintiff's Motion, the Court finds that Defendants could more fully test the statements in Dr. Assaf's affidavit if Defendants could examine him further either in a deposition or at trial. The Court would add that  Defendants do not bear the burden of proof as to the matters contained in Dr. Assaf's affidavit.   In other words, by  failing to take Dr. Assaf's deposition before the deadline expired, neither Defendant has run the risk of "fail[ing] to make a showing sufficient to

_____

[17] *See Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998) (holding that a plaintiff claiming negligence has the burden to prove "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of the duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation").

establish the existence of an element essential to that party's case."[18]   For these reasons, the Court finds that the deposition of Dr. Assaf could change its ruling on Plaintiff's Motion for Partial Summary Judgment.

Additionally, the Court would also stress that a jury trial was set to commence in this case on April 30, 2012.  The Court continued the trial until it could rule on the parties' pending dispositive motions.  As a result, an opportunity for additional discovery will not delay the trial in this matter or otherwise prejudice Plaintiff.  For all of these reasons, the Court finds that it is appropriate to use the Rule 56(d) "safety valve" to head off a premature swing of the "summary judgment axe" as to the issues presented in Plaintiff's Motion.  Therefore, Defendant's Rule 56(d) request is **GRANTED**.[19]

As a final matter, Rule 56(d) states that when a non-moving party is granted the opportunity for discovery before it must respond to a motion for summary judgment, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any appropriate order."[20]   In this case the Court finds good cause to deny Plaintiff's Motion without prejudice to re-file it or raise the same issues at trial.  Following the Court's ruling on Defendant's motion for summary judgment, other issues of fact remain for trial. For the sake of judicial economy, the Court will take up the issues presented in Plaintiff's Motion at a later time, for example, after the parties have deposed Dr. Assaf or after he has testified at trial. In either case, the parties may be better situated to stipulate to some or all of the issues raised in

---

[18] *Celotex*, 477 U.S. at 322.

[19] *Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 10-11 (1st Cir. 2007) (citation omitted).

[20] Fed. R. Civ. P. 56(d).

Plaintiff's Motion or the Court may be in a position to grant judgment as a matter of law as to these issues.  For these reasons Plaintiff's Motion is **DENIED** without prejudice.

      **IT IS SO ORDERED.**

                                          **s/ S. Thomas Anderson**
                                          S. THOMAS ANDERSON
                                          UNITED STATES DISTRICT JUDGE

                                          Date: April 11, 2012.